Rutland County, January Term, 1827.

*Harris Hosford* vs. *Amos Allen.*

A deputy sheriff, having the private charge of a jury at a justice court, acts therein under his special appointment and oath for that particular service, and not in virtue of his general office. And in an action of *slander* brought by him, for words charging him with misconduct on such occasion, if the words are declared on as a *slander* of the plaintiff in his capacity and office as deputy sheriff, the action will fail.

THIS was a motion for a new trial, and came up upon exceptions, taken before SKINNER, Ch. Justice, and his brethren of the County Court, at the last *September Term.* The action was for *slander*, wherein the plaintiff declared that, being a deputy sheriff, for the county of *Rutland*, and being present at a justice court in said county, holden for the trial of a certain civil action, he was called upon by the justice to empannel a jury for the trial of said action, which he accordingly did ; that being afterwards duly sworn to that service, he took charge of said jury during their private deliberation in the cause aforesaid ;—all which service was alleged to have been performed by the plaintiff in his said capacity of deputy sheriff. The declaration then alleged that the defendant, who was one of the jury aforesaid, subsequently charged the plaintiff with having conversed with the jury upon the merits of the cause, during their said private deliberation, and by his wrongful interference prevented a verdict being found. It was avered in the general *innuendo* following the recital of the words complained of, that those words were meant to impute to the plaintiff a great breach of duty and misdemeanor in his said office of deputy sheriff. The concluding part of the declaration was to the same effect.

It appeared from the exceptions, that on trial the plaintiff gave in evidence the record of the trial and proceedings had before the justice ; and it was admitted that the plaintiff, at the time in question and long before and since, was a legal deputy sheriff as alleged in the declaration. He then offered evidence to prove that he attended the justice court as an officer, empanneled the jury, and had charge of them when they retired to consider of their verdict, being sworn by the justice for that purpose. To this evidence the defendant objected, and it was rejected by the court ; whereupon the plaintiff submitted to a nonsuit, with liberty to

except to the decision aforesaid, and move to ⎧ Rutland, Jan. 1827.
set the nonsuit aside.                        ⎨ ――――――――
                                              ⎩ *Hosford* vs. *Allen.*

*Williams*, for the plaintiff, contended that the evidence offered on trial should have been admitted. The plaintiff while attending the justice court acted throughout in his official capacity of deputy sheriff. It is no where expressly enacted that any officer shall attend the courts of justice, and yet their attendance upon the Supreme and County Courts is indispensable at all times. It is also proper and necessary that they should occasionally attend justice courts, to enable justices to exercise their jurisdiction.— And upon such occasions no new appointment of the officer is necessary, but his powers there exercised appertain to the permanent office which he holds. He cited the *Stat*. 131, 300, 203. —*Ver. State Papers*, 352, 358.—1 *Tyler*, 379, *Abells* vs. *Chipman.*

*Langdon* and *Kellogg*, for the defendant, insisted that the evidence was properly rejected because it had no legal bearing upon the point in issue. The plaintiff in his capacity of deputy sheriff had no authority to take charge of the jury at the justice court, that duty belonging exclusively to the constable of the town or to an officer specially appointed by the justice for the occasion.—*Stat*. 128, *s*. 15. The words charged in the declaration are complained of as a *slander* of the plaintiff in his official character of deputy sheriff, and he must have acted in that character in the transaction spoken of, or there is a variance between the declaration and the proof offered.—*Phil. Ev.* 138. If a public officer bring an action for an injury done to him while in the execution of his office, and he misdescribes his office in the declaration, he shall become *nonsuit.—Arch. Pl.* 375.—1 *Camp.* 231.—5 *Esp.* 7.— So for an injury done to him in a particular character, he must show that he sustained that character.—4 *T. R.* 62, 366.—1 *Esp.* 437.—4 *B. & P.* 196.—*Arch. Pl.* 368.

Royce, J. delivered the opinion of the court. The words for which this action is brought do not speak of the plaintiff expressly as deputy sheriff, or with the addition or address of any official character. The plaintiff however assumes, that in taking charge of and attending upon the jury he did act in his capacity of deputy sheriff, and therefore that the words complained of, being spoken

Rutland, Jan. 1827. | of him in relation to his conduct on that occa-
Hosford vs. Allen. | sion, do necessarily convey an imputation a-
gainst him in his official capacity aforesaid. He has accordingly pro-
ceeded on the ground that the words are actionable only in res-
pect of his said office, and consequently that if they do not charge
him with misconduct in that office, the present action will not lie.
The inference which the plaintiff draws, that if he was acting at
the time as deputy sheriff, the words complained of must be taken
to speak of him in that character, is undoubtedly just ; but if he
was not so acting, there is no pretence to say that the defendant
intended to speak of him otherwise than as the officer attending on
the jury. The whole question therefore is, whether the plaintiff
was then acting as deputy sheriff. It is no doubt true that while
the plaintiff was attending the justice court for general purposes as
a peace officer he continued to act in the capacity of deputy sheriff.
His office conferred all the authority requisite for any such pur-
pose, as also for the purpose of holding any person in custody be-
fore that court, had such an act become necessary. But these
general powers did not extend to the impanneling and taking pri-
vate charge of the jury. The first duty is imposed by statute
upon the constable of the town, and in case of his absence or dis-
qualification, upon a person especially appointed by the justice.—
As the jury is to consist of freeholders and men who stand indif-
ferent between the parties, the reason of this regulation is suf-
ficiently manifest. For the last duty an appointment by the jus-
tice and a special oath are made necessary ; and we think that the
authority and powers of the plaintiff, while having the jury under
his private charge, were to be predicated of his appointment and
oath for that particular purpose, and not of his general office as
deputy sheriff. So the plaintiff can take nothing by his motion.

  Williams then moved for liberty to amend his declaration, which
was granted.

  Williams, for the plaintiff.

  Langdon and Kellogg, for the defendant.